UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X
VICTOR CAIVINAGUA SAMANIEGO,
*individually and on behalf of others
similarly situated*,

CASE NO:

*Plaintiff*,

vs.

J TRANSPORT LLC, *a Connecticut limited liability company*, and JEYSON YNOA SANTANA,
*an individual*,

*Defendants*.
---------------------------------------------------X

# COMPLAINT

VICTOR CAIVINAGUA SAMANIEGO ("Plaintiff"), individually and on behalf of others similarly situated, by and through his attorneys, Law Offices of Nolan Klein, P.A., hereby sues Defendants, J TRANSPORT, LLC ("Corporate Defendant") and JEYSON YNOA SANTANA (hereinafter "Individual Defendant") (Corporate Defendant and Individual Defendant are referred to collectively as "Defendants"), and alleges:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages and related state employment law violations, including applicable liquidated damages, interest, attorneys' fees, and costs.

2. Plaintiffs further seeks certification of this action as a class and collective action on behalf of himself individually, and on behalf of all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over the state law claims is conferred by 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this District; specifically, Plaintiff's job duties included, *inter alia*, delivering goods into Westchester County, New York, which is within this District.

## PARTIES

5. Plaintiff is over the age of 18 years, *sui juris*, and is a resident of the State of Connecticut.

6. Corporate Defendant is a limited liability company organized and existing under the laws of the State of Connecticut.

7. Corporate Defendant is a transportation company located at 11 George Street, in Danbury, Connecticut.

8. On information and belief, Individual Defendant Jeyson Ynoa Santana is over the age of 18 years, *sui juris*, and owns (in whole or in part), operates, and/or controls the Corporate Defendant, and/or has authority over rates of pay and schedules of employees within the Corporate Defendant's business.

9. Individual Defendant is sued herein individually in his capacity as, on information and belief, he is an owner, officer and/or agent of Corporate Defendant.

10. Defendants are an enterprise as defined by the FLSA, 29 U.S.C. § 203 (r-s).

11. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

12. Upon on information and belief, the Corporate Defendant had, at all times material hereto, a gross annual volume of sales of not less than $500,000.00.

13. Upon information and belief, Defendants and/or their enterprise were and are directly engaged in interstate commerce.

## FACTS

14. At all relevant times, Plaintiff was and is a former employee of the Defendants within the meaning of the FLSA and NYLL.

15. Plaintiff worked for the Defendants from March 31, 2022, through July 20, 2022.

16. Plaintiff was employed as a delivery driver and his job duties included transporting cargo from one location to another, installing furniture and appliances, and related activities.

17. During his employment, Plaintiff was required, in part, to transport cargo from Lowes in Connecticut, to destinations within New York, including White Plains, Mamaronek, and others, to assemble and install delivered items.

18. Plaintiff regularly handled goods in interstate commerce, including different packages, furniture, and tools.

19. Plaintiff's work duties required neither discretion nor independent judgment.

20. Plaintiff worked seven (7) days a week (Monday through Sunday) from 6:00 a.m. through 8:00 pm. Accordingly, Plaintiff worked approximately 80 to 90 hours per week.

21. Plaintiff was paid a standard rate of $160.00 per day when he was the designated as a driver, and when he worked as driver's helper, he was paid $120.00 per day.

22. Throughout his employment with Defendants, Plaintiff was penalized for calling in sick or missing work for any reason, totaling approximately $1,800.00 dollars in "penalties."

23. Throughout his employment with Defendants, Plaintiff was paid in cash with no paystubs provided.

24. Defendants failed to pay Plaintiff any overtime premium (time and a half) for hours worked over forty (40) in each workweek.

25. Defendants failed to pay Plaintiff anything at all for his last week of work.

26. Defendants kept Plaintiff's own tools that he used to complete the jobs required by Defendants and have not returned those to Plaintiff, including a GPS system, and tools used to install washing machines, dryers, refrigerators, and other such items.

27. Defendants failed to provide Plaintiff with wage statements at the time of payment of wages containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by law.

28. Defendants failed to provide Plaintiff, at the time of hiring, a statement in English and the employee's primary language (in this case, Spanish), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or

principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1) and/or Conn. Gen. Stat. § 31-71f.

29. Defendants did not pay Plaintiff in full immediately after termination of the employment, in violation of Conn. Gen. Stat. § 31-71c(b).

30. Upon information and belief, Defendants' conduct extended beyond Plaintiff to all other similarly situated employees, including non-exempt employees working in other departments of the Corporate Defendant business.

31. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff and similarly situated individuals by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

32. Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class"), i.e., persons who are or were employed by Defendants or any of them at any time during the three-year period prior to this Complaint being filed (the "FLSA Class Period").

33. At all relevant times, Plaintiff and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and overtime.

34. The claims of Plaintiff stated herein are similar to those of the other similarly situated employees.

5

## FIRST CAUSE OF ACTION
### (Violation of the Minimum Wage Provisions of the FLSA)

35. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

36. At all times relevant to this action, Defendants were Plaintiff's employer (and employer of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

37. Defendants had the power to hire and fire Plaintiff (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

38. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

39. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

40. Defendants failed to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate for some hours worked, in violation of 29 U.S.C. § 206(a). Specifically, Plaintiff was paid nothing for his final week of work.

41. Defendants' failure to pay Plaintiff and the FLSA class members at the applicable minimum hourly rate for some hours worked was willful within the meaning of 29 U.S.C. § 255(a).

42. Plaintiff and the FLSA class members were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the State Law Minimum Wage Acts)

43. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

44. Pursuant to both New York and Connecticut law, Defendants paid Plaintiff less than the minimum wage, in violation of NYLL § 652(1) and/or Conn. Gen. Stat. §31-58 et seq. Specifically, Plaintiff was paid nothing for his final week of work.

45. Defendants' failure to pay Plaintiff minimum wage was willful.

46. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

47. Plaintiffs re-aver and re-allege the allegations set forth above, as though fully set forth herein.

48. Defendants failed to pay Plaintiffs and the FLSA class members overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

49. Defendants' failure to pay Plaintiffs and the FLSA class members overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

50. Plaintiffs and the FLSA class members were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Violation of State Law Overtime Provisions)

51. Plaintiffs re-aver and re-allege the allegations set forth above, as though fully set forth herein.

52. Defendants failed to pay Plaintiff overtime compensation at rates of one and one half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of NYLL Art. 19 and Conn. Gen. Stat. § 31-72.

53. Defendants' failure to pay overtime compensation was willful.

54. Plaintiffs were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## (VIOLATION OF STATE LAW NOTICE REQUIREMENTS)

55. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

56. Defendants failed to provide Plaintiff with a written notice of his rate of pay, regular pay day, and such other information as required by NYLL §195(1) and Conn. Gen. Stat. § 31-71f.

57. Defendants are liable to Plaintiff for penalties and damages under State law.

## SIXTH CAUSE OF ACTION
## (VIOLATION OF THE WAGE STATEMENT PROVISIONS)

58. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

59. Defendants never provided Plaintiff with wage statements upon each payment of wages, as required by NYLL 195(3).

60. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## (VIOLATION OF IMMEDIATE PAYMENT REQUIREMENTS)

61. Plaintiff re-avers and re-alleges the allegations set forth above, as though fully set forth herein.

DocuSign Envelope ID: 3C4D236D-AABF-42FB-9971-3D84992DA695

62. Defendants did not pay Plaintiff in full immediately after termination of the employment, in violation of Conn. Gen. Stat. § 31-71c(b).

63. Plaintiff seeks all legally available remedies for Defendants' violation of Conn. Gen. Stat. § 31-71c(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be plaintiffs in the FLSA claims in this action;

b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members; (c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA class members;

c) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA class members;

d) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, 29 U.S.C. § 216(b);

f) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under New York and Connecticut law.

g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under New York and Connecticut law.

h) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to New York and Connecticut law.

i) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

j) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

k) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

January 25, 2023

Respectfully Submitted,

**LAW OFFICES OF NOLAN KLEIN, P.A.**
*Attorneys for Plaintiff*
5550 Glades Rd., Ste. 500
Boca Raton, FL 33431
PH:    (954) 745-0588

 By:  */s/ Nolan Klein*
NOLAN KLEIN, ESQUIRE
(NK 4223)
klein@nklegal.com
amy@nklegal.com
melanie@nklegal.com

DocuSign Envelope ID: 3C4D236D-AABF-42FB-9971-2D84992DA695

## CONSENTIMIENTO PARA DEMANDAR BAJO
## LA LEY DE NORMAS LABORALES JUSTAS
## (FAIR LABOR STANDARDS ACT)

Yo, **VICTOR CAIVINAGUA SAMANIEGO** soy un empleado o ex empleado de **J TRANSPORT LLC,** y/o personas o entidades relacionadas. Las alegaciones que se establecen en esta demanda me han sido explicadas en español y todas son verdaderas y correctas a mi entender, información y creencia. He consentido para ser demandante en la acción mencionada anteriormente para cobrar los salarios no pagados y otros daños y perjuicios.

Fecha: 1/24/2023 , 2023.

DocuSigned by:
ADE6197AE18B417

**VICTOR CAIVINAGUA SAMANIEGO**